# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | | |
|---|---|---|
| QUINTON RILEY<br>ADC #156458 | * * * | |
| Petitioner, | * * | |
| v. | * * | No. 4:20-cv-00768-KGB-JJV |
| DEXTER PAYNE, Director,<br>Arkansas Division of Correction, | * * * | |
| Respondent. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Petitioner Quinton Riley, an inmate at the Maximum Security Unit of the Arkansas Department of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 1.) Mr. Riley pleaded guilty to two charges of kidnapping (Doc. No. 7 Ex. 3, 4.) He was sentenced to concurrent terms of one hundred and eighty months on each charge. (*Id.*)

In the Petition for Writ of Habeas Corpus now before the Court, Mr. Riley raises a single claim for relief. (Doc. No. 1.) He alleges the trial court judge's failure to sign the sentencing order deprives the Arkansas Department of Correction of jurisdiction to incarcerate him. (Doc. No. 1, at 2.) Respondent contends the trial court judge did sign the last page of each sentencing order, the petition is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and Habeas Rule 4, and Mr. Riley's Petition is time-barred. (Doc. No. 7, at 3.) I agree.

**II.     ANALYSIS**

    **A.  Sentencing Order Signatures**

This Court may dismiss a frivolous action at any time. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint containing factual allegations and legal conclusions "is frivolous where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Mr. Riley claims that the trial court judge did not sign his sentencing orders. (Doc. No. 1, at 2.) However, the certified copies of the sentencing orders for Mr. Riley are each clearly signed by the trial court judge on the last page. (Doc. No. 7 Ex. 3 at 4, Ex. 4 at 5.) Therefore, there is no arguable basis either in law or fact, and dismissal is recommended.

    **B.  Time Bar**

Mr. Riley's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) impose a one-year period of limitation on habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year statute of limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Pulaski County Circuit Court entered Mr. Riley's sentencing order on August 19, 2015 for the initial kidnapping charge and September 1, 2015 for the second charge. (Doc. No. 7, at 5.) Therefore, under 28 U.S.C. § 2244(d)(1)(A) Mr. Riley had one year from the two above sentencing dates to file a federal habeas petition. Mr. Riley's judgments became final on September 18, 2015 and October 1, 2015 respectively -- the deadline for filing an appeal in the two cases. *See Camacho v. Hobbs*, 774 F.3d 981 (8th Cir. 2015). Mr. Riley filed this Petition on June 19, 2020 and has filed no state post-conviction challenges to toll the limitation period under 28 U.S.C. § 2244(d)(2). Therefore, Mr. Riley's Petition is untimely, and I recommend dismissal.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Mr. Riley's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.
2. No certificate of appealability shall issue.

DATED this 24th day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE